# CASES

## SECOND DISTRICT

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1923.

---

Farmers National Bank, Appellee, v. George Trautwein, Appellant.

### Gen. No. 7,087.

1. AGENCY—*knowledge of unauthorized act as essential to ratification.* The unauthorized act of a private banker in inserting, in a blank space left in a promissory note for the name of the payee, a different name than that agreed to by the maker, and in making the note a demand instead of a time one as directed by the maker, is not shown to have been ratified by the maker where the evidence shows merely that when such unauthorized payee demanded payment and exhibited the note bearing its name as payee the maker made no objection to the form of the note but requested further time, where there is no evidence that he had any knowledge of the unauthorized act of the banker and the change was not called to his attention.

2. AGENCY—*acceptance of dividend in bankruptcy as ratification of unauthorized act by bankrupt.* The acceptance of dividends in bankruptcy from the estate of a bankrupt who had, without authority, improperly filled in blank spaces in a promissory note made by the defendant, did not constitute any ratification by defendant of the unauthorized act, where the latter could not have been the basis of any claim against the bankrupt's estate, and the acceptance of the dividends could only operate as a repudiation of the unauthorized act.

(356)

Appeal by defendant from the Circuit Court of Whiteside county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded. Opinion filed March 16, 1923. Rehearing denied April 4, 1923.

JOHN E. ERWIN and JOHN A. RIORDON, for appellant.

MCCALMONT & RAMSAY, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

On July 13, 1921, in the circuit court of Whiteside county, in vacation after the April term, the appellee secured a judgment by confession against appellant for $4,499.22. The judgment was entered on a promissory note and power of attorney to confess judgment, dated June 24, 1920, for the principal sum of $5,000, due on demand, drawing six per cent interest and payable on its face to appellee.

The appellant filed a motion to set aside and vacate the judgment, and for leave to plead to the merits, which motion was supported by affidavits. The motion for leave to set aside the judgment and to plead was by the court allowed, and the judgment was set aside.

Following the order setting aside the judgment and granting leave to appellant to plead, leave was given appellee to amend the *ad damnum* and to file additional counts. The additional counts, consisting of the common counts, were filed, and later, upon motion for a bill of particulars, appellee filed a copy of the note as a bill of particulars. The appellant filed the general issue, supported by an affidavit, also an affidavit denying the execution of the note. A trial was had without a jury.

It appears that one George E. Paddock was a banker of Prophetstown, Illinois. He conducted a private bank known as "Bank of Prophetstown, Illinois." He was also the president of the Farmers National Bank of Prophetstown, the appellee.

Hugh Paddock, a son, was cashier of the private bank. Appellant was a depositor in the private bank and had moneys and credits therein amounting in the neighborhood of $10,000.

Appellant was contemplating making a loan to a friend and went to Paddock's in relation thereto. In order to make the loan, appellant, on June 24, 1920, informed Hugh Paddock, cashier of the Bank of Prophetstown, he would draw $5,000 of his money from the bank on the 1st of July, 1920. Appellant was informed that his certificates of deposit were not at that time due, but that they would let him have the money on the note.

Pursuant to this suggestion a note was drawn by Hugh Paddock for $5,000, which contained a number of blank spaces including that for the name of the payee. Appellant did not want the money on the day he was at the bank and was not ready to draw the money out at that time for the purpose of making the loan. Hugh Paddock told him that he would thereafter fill in the blank spaces with proper dates, and Bank of Prophetstown was to be the payee. The note was signed by appellant and left with Paddock's at the private bank.

On July 3, 1920, George E. Paddock took the note to the Farmers National Bank, the appellee, and cashed it and obtained therefor a draft for $5,000 on the First National Bank of Chicago, which said draft was payable to the order of Bank of Prophetstown. Credit was given appellant in the Bank of Prophetstown for $5,000 on account of said note.

When Paddock took the note to the National Bank the name of a payee had not been inserted. The attention of Paddock was called to the fact by the cashier of the National Bank that no payee had been inserted in the note. Paddock instructed the cashier of the National Bank to insert the name of the Farmers National Bank as payee, which was accordingly

done.   George E. Paddock was president of the National Bank at the time he directed its cashier to write in the name of the payee.

On December 31, 1920, the Bank of Prophetstown closed its doors.   George A. Paddock absconded and his estate was administered in bankruptcy.

On January 4, 1921, a notice was sent by the National Bank to appellant requesting him to pay the note. The appellant called at the National Bank in response to the notice and the evidence shows that at the time he was very much disturbed.

On the trial of the case appellee resorted to the position that by reason of the conduct of appellant and from what he said and from what took place at the National Bank, when appellant called there in response to the notice, appellant ratified the act and deed of Paddock in directing the name of the payee to be written in the note.

The result of this case, in our opinion, depends and hinges upon the question of whether or not there was a ratification on the part of appellant as contended for by appellee.   This question of the ratification must necessarily be determined from the evidence and the law applicable thereto.   No contradiction as to the incompleteness of the note when it was presented to appellee appears from the evidence, nor is there any evidence, except by appellant, as to the understanding and agreement as to the filling in of the blank for payee with the name of Bank of Prophetstown.   The only persons at the Bank of Prophetstown at the time of signing of the note by appellant were, Hugh Paddock, cashier of said bank, and appellant.   Hugh Paddock was authorized and directed by appellant to fill in the blank space for payee with the name Bank of Prophetstown.

It further appears that appellant desired that the note become payable October 1, 1920.   The evidence shows that appellant on August 17, 1920, paid to the

Bank of Prophetstown $742, which said sum was indorsed upon the note in question. It also appears from the evidence that appellant went to the Bank of Prophetstown on October 1, 1920, and expressed a desire to pay the note in controversy, but was induced by George E. Paddock to deposit the money he had for the purpose of paying off the note, Paddock representing that appellant's indebtedness was not due and he would pay appellant seven per cent on money then had by appellant to be used in paying the note off, while appellant's indebtedness by reason of the note on which this suit is based only called for six per cent interest.

Rodee, cashier of the National Bank, says he produced the note and laid it down on the bank counter in front of the appellant where the appellant could have seen it and could have observed that the National Bank's name had been inserted as payee, on the day appellant was in the bank after the receipt of the notice. He does not say that the appellant did in fact observe that such name was written in the note and he does not claim he called appellant's attention to the fact either by word or otherwise.

The evidence shows that the appellant said he could not pay the note at that time, that he was mourning and lamenting the fact that Paddock had become a bankrupt and had injured so many people including himself. Rodee told the appellant that he did not expect him to pay the note at that time but the evidence fails to disclose that there was any valid extension of time granted.

Appellant states that while at the bank he only observed his signature to the note and did not see what name had been inserted as payee. At the time the $742 was paid by appellant to Paddock on August 17, 1920, it is not claimed by anyone that appellant had any knowledge the note was not in possession of the private bank.

After judgment had been taken by confession, appellant called at the office of the clerk of the circuit court and examined the note. Appellant insists that this is the first time that he learned the name of the National Bank had been written in the note as payee.

It will be observed that the note was purchased by the appellee July 3, 1920, and was payable on demand. Yet no notice is claimed to have been given appellant of its holding the note until January 4, 1921. The notice given at that time did not state to whom the note was payable or that it was due.

Even though the appellant used the language at the National Bank, as appellee contends he did, and put the most favorable construction on the language it will bear, unless appellant knew the National Bank was payee, it cannot be said that appellant ratified the act and deed of George E. Paddock. It is not sufficient to say that appellant ratified the unauthorized act of Paddock because he had an opportunity to see the note when it was exhibited at the National Bank, and he was therefore chargeable with knowledge of the fact.

It is a well-settled rule that knowledge of the terms and conditions of an unauthorized contract entered into by an agent is not to be presumed from the fact that the principal had a reasonable opportunity to acquire such knowledge. *Haswell v. Standring,* 152 Iowa 291, Ann. Cas. 1913 B 1326.

In the case last above cited it is held: "A principal's ratification of an agent's unauthorized act must be clearly shown, either directly or impliedly, from clear and unequivocal circumstances."

In order to bind a principal by ratification, assent or acquiescence in prior acts of his agent in excess of authority actually given, a knowledge of the material facts must be brought home to him. He must have been in possession of all the facts and must have acted in the light of such knowledge. 21 Ruling Case Law 928; *Coleman v. Connolly,* 242 Ill. 574-583; *Cadwell v. Meek,* 17 Ill. 220-227.

The doctrine of ratification of an unauthorized act in behalf of another is that the principal shall be fully and fairly informed of all the facts and circumstances of the transaction. *Reynolds v. Ferreel,* 86 Ill. 570; *Cadwell v. Meek,* 17 Ill. 220.

Whoever, therefore, seeks to procure and rely on a ratification is bound to show that it was made under such circumstances as in law to be binding on the principal, especially to see to it that all material facts were made known to him. The burden of making inquiries and of ascertaining the truth is not cast on him who is under no legal obligation to assume a responsibility, but rests on the party who is endeavoring to obtain a benefit or advantage for himself. 27 Amer. & Eng. Ann. Cas. 1326-1328; *Haswell v. Standring,* 152 Iowa 291.

It is urged by appellee that a ratification is shown from the fact that appellant has received dividends on his claim in bankruptcy. We do not agree with this contention. In the first place we do not understand how this matter could be made a subject of a claim against Paddock, or against his estate in bankruptcy, but even if such a claim was made in bankruptcy and allowed and a dividend paid thereon, such facts do not in any manner tend to prove a ratification, but in our opinion confirm the idea that appellant did not know anyone in this transaction except Paddock and the private bank of Paddock.

We are of the opinion that there was no ratification of Paddock's causing the name of the National Bank to be written in the note as payee. Every act of the appellant which is urged as evidence of ratification is as consistent with his contention that he did not know the National Bank was payee as it is with the idea of ratification.

In view of the evidence in this cause and the law applicable thereto, we cannot agree with the holdings of the learned judge in the court below, in which he

held that appellee was entitled to recover on the note in question.

We conclude, therefore, that the appellee has failed to establish the fact of ratification as contended for, and that it has not established its right to recover under the law that arises from the facts in this case, and that the judgment of the lower court should be reversed and remanded.

<em>Reversed and remanded.</em>